**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUNTRUST BANK,**

          **Plaintiff,**

**-vs-**                                                                         **Case No. 6:09-cv-869-Orl-31GJK**

**MICHAEL A. DUPUIS a/k/a Michael Alan Dupuis, Michael Dupuis and KAREN L. DUPUIS a/k/a Karen Lee Dupuis, Karen Dupuis, Karen Lee Fredriksen and Karen Lee Thomas,**

          **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Michael A. DuPuis and Karen L. DuPuis ("Defendants"), Motion to Dismiss (Doc. 14), and Plaintiff's, SunTrust Bank ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 23).

**I. Overview**

Plaintiff filed this action on May 22, 2009, alleging, *inter alia*, that Defendants breached a negotiable instrument (namely, a line of credit secured by a mortgage on their home) (*see* Doc. 1). The instrument at issue originally provided for a credit limit of $78,000.00 and was signed by Michael DuPuis. The parties, however, subsequently modified the instrument to increase the credit limit to $184,000.00 (Doc. 1-2 at 8). Both Michael and Karen DuPuis signed the

modification (Doc. 1-2 at 9). The instrument provides either party with the right to arbitrate this dispute (Doc. 1-2 at 5), but neither party has elected to do so.

Defendants have now moved the Court to dismiss the Complaint, contending that: (a) the Court is without subject matter jurisdiction because there is no diversity of citizenship between the parties; (b) the Complaint fails to state a claim for relief against Karen DuPuis because she did not sign the original instrument; and (c) the Court should abstain from hearing this case (Doc. 14).

The Court addresses these issues, *infra*.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th

Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

## III. Analysis

### A. The Court's Subject Matter Jurisdiction

Defendants do not dispute that they are citizens of the State of Florida and that the amount in controversy in this case exceeds $75,000.00. Instead, they contend that Plaintiff's principal place of business is in Florida, thus destroying diversity of citizenship between the parties.

As Plaintiff notes in its Response, however, federal courts have recently found that Plaintiff's principal place of business – like its state of incorporation – is located in the State of Georgia (Doc. 23 at 6, citing, *e.g.*, *Garfield v. SunTrust Bank*, 477 F. Supp. 2d 1177 (S.D. Fla. 2006)). Defendants do not argue that Plaintiff's principal place of business has changed since the *Garfield* decision. Accordingly, the Court takes judicial notice of the *Garfield* decision and concludes that is has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Court will therefore deny Defendants' Motion to Dismiss on jurisdictional grounds.

### B. Failure to State a Claim Against Karen DuPuis

Because she did not sign the original instrument, Karen DuPuis contends that, at least as to her, Plaintiff has failed to state a claim for breach of a negotiable instrument.

Plaintiff responds by noting that Karen DuPuis signed the modification to the instrument which, by its terms, necessarily modified the original instrument and made Karen DuPuis a joint signatory.

Upon review, the Court concludes that the Complaint states a claim for relief against Karen DuPuis for breach of a negotiable instrument. Accordingly, Defendants' Motion to Dismiss for failure to state a claim will be denied.

### C. Abstention

Defendants argue that this is a "garden variety consumer debt case and is not the type of case that needs the resources" of a federal court and should therefore be heard in state court (Doc. 14 at 6). Even assuming that were true, this Court has an obligation to hear cases that are properly brought before it. *See*, *e.g.*, *Metropolitan Life v. Lockette*, 155 F.3d 1339, 1341 (11th Cir. 1998) ("The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it") (quotations omitted). Accordingly, Defendants' Motion to Dismiss on abstention grounds will be denied.

## III. Conclusion

Based on the foregoing, it is **ORDERED** that Defendants' Motion to Dismiss is **DENIED**. Any other relief requested in Defendants' Motion to Dismiss not specifically addressed in this Order is also **DENIED**.

It is **FURTHER ORDERED** that, by no later than **Monday, October 5, 2009**, Defendants shall file their Answer to the Complaint.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 17, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE